**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*Attorneys for Plaintiffs*
By:   Mark E. Belland, Esquire
      Steven J. Bushinsky, Esquire
      Mark E. Poist, Esquire

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE and VACATION FUNDS and FINISHING TRADES INSTITUTE and VINCENT M. LANE, as Trustee and Fiduciary for International Union of Painters and Allied Trades District Council 711 Health & Welfare and Vacation Funds and Finishing Trades Institute,<br><br>27 Roland Avenue<br>Mount Laurel, New Jersey 08054<br>*Plaintiffs,*<br><br>v.<br><br>**HOWELL GENERAL GLAZING CONTRACTORS CORPORATION d/b/a HOWELL GENERAL GLAZING COMPANY, INC.**<br><br>2770 Route 9 South<br>Howell, New Jersey 07731<br><br>*Defendant.* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and

§1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because defendant maintains a principal place of business in the State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Apprentice Funds, and Vincent M. Lane, as Trustee and Fiduciary for International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Finishing Trades Institute Funds, ("the Funds") are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and are "employee benefit plans" established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. The Fund is authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. Vincent M. Lane is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

7. The Fund maintains its principal place of business at 27 Roland Avenue, Mount Laurel, New Jersey, 08054.

8. The Fund brings this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

9. Defendant, Howell General Glazing Contractors Corporation d/b/a Howell General Glazing Company, Inc.(hereinafter "Howell General Glazing), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and/or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

10. Upon information and belief, Howell General Glazing principal place of business was and/or is located at 2770 Route 9 South, Howell, New Jersey, 07731.

11. Howell General Glazing conducted and/or conducts business in the State of New Jersey.

## COUNT ONE

12. The Funds incorporate the allegations in Paragraphs 1 through 11 of this Complaint as if set forth herein in their entirety.

13. At all times relevant hereto, Defendant Howell General Glazing was a party to and/or agreed to abide by the terms and conditions of a collective bargaining agreement ("CBA") with the International Union of Painters and Allied Trades District Council 711 ("the Union") or one or more local labor unions or district councils affiliated with the Union.

14. At all times relevant hereto, Defendant Howell General Glazing also signed and/or agreed to abide by the terms of the agreements and declarations of trust ("trust agreements") which govern the Funds. The trust agreements set forth the rules and regulations with respect to participation in and administration of the Funds.

15. By virtue of the CBA, trust agreements, and in accordance with federal law and administrative regulations, Defendant Howell General Glazing agreed:

    A. To remit fringe benefit contributions to the Funds on behalf of eligible employees of Defendant Howell General Glazing who were employed on projects within the State of New Jersey;

    B. To remit fringe benefit contributions on behalf of eligible employees to the Funds in a timely manner;

    C. To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

    D. To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of defendant Howell General Glazing's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements;

    E. To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorney's fees, expended by the Funds to collect any amounts due as a consequence of defendant Howell General Glazing's failure to comply with its contractual and statutory obligations.

16. Despite Howell General Glazing's clear and unequivocal obligations under the terms of the parties' CBA, Trust Agreements, and the Policy, Howell General Glazing has failed to remit and/or has only remitted a portion of the required contributions to the Fund for the benefit of its employees for various periods of time, including, but not limited to, December 2012 through September 2013.

17. Payment of the delinquent contributions and penalties assessed against Howell General Glazing has been demanded by the Funds, but Howell General Glazing has refused to submit the required remittance reports and payments.

18. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

19. Defendant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

20. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Howell General Glazing to pay all contributions due and owing to the Fund;

(B) Order Defendant Howell General Glazing to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Howell General Glazing to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Howell General Glazing to specifically perform all obligations to the Fund under the CBA;

(E) Order Defendant Howell General Glazing to pay the Fund's reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

21. The Funds incorporate the allegations of Paragraph 1 through 22 of this Complaint as if set forth herein in their entirety.

22. Despite Defendants' clear and unequivocal obligations under the terms of the parties' CBA, Trust Agreements, and the Policy, Defendant has failed to submit remittance reports and employee fringe benefit contributions that are to the Funds on behalf of all employees who were employed on projects within the State of New Jersey for the period of October 1, 2013 through current.

23. Submission of the remittance reports, payment of the delinquent contributions, and penalties assessed against Defendant has been demanded by the Funds, but Defendant has refused to submit the required remittance reports and payments.

24. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

25. Defendant's failure to remit remittance reports and make timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

26. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Howell General Glazing to submit all remittance reports and pay all contributions due and owing to the Fund;

(B) Order Defendant Howell General Glazing to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Howell General Glazing to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Howell General Glazing to specifically perform all obligations to the Fund under the CBA;

(E) Order Defendant Howell General Glazing to pay the Fund's reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT THREE

27. The Funds incorporate the allegations of Paragraph 1 through 26 of this Complaint as if set forth herein in their entirety.

28. The amount of fringe benefit contributions that Defendant is required to pay to the Fund is based upon the number of hours worked by and paid to employees who perform work that is governed by the terms of an applicable CBA(s).

29. The Funds are without sufficient information or knowledge to plead the precise nature, extent, or amount of each Defendant's delinquency because the books, records, and information necessary to determine this liability are in the exclusive possession, custody, control, and knowledge of Defendant.

30. Computation of the precise amount of an employer's delinquency is best achieved by an audit of Defendant's financial books and records and to compare them to contractually required remittance reports submitted by Defendant.

31. Beginning in or about March 18, 2014, the Fund's auditor, Novak Francella, LLC, attempted to perform a payroll compliance audit for the period of July 2011 through current, but said Defendant failed or refused to provide accurate financial records and documentation when requested.

32. On June 12, 2014, Plaintiff's counsel sent a warning letter to Defendant's counsel requesting compliance within ten (10) days or legal action would commence.

33. Defendant's counsel failed to respond to the Plaintiffs' counsel's June 12, 2014 warning letter and is still non-compliant with the Plaintiffs' request to conduct an audit of Defendant's records.

34. An audit of the payroll and disbursement records of defendant is needed to determine precisely the amounts of Defendant's delinquency.

35. The period for which the audit is sought is from July 2011 through current.

36. Defendant is required by the controlling Inside Agreement(s), Trust Agreements, Collection Policy and/or applicable federal law to permit the Funds to audit their records, to cooperate in determining the contributions due to the Funds, and to pay the cost of the audit if found to be delinquent.

37. The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers, such as Defendant.

38. The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of this breach can only be ascertained from an audit of Defendant.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Howell General Glazing, its officers, agents, servants, employees, attorneys and all others, to permit an audit of all records under the actual or constructive control of Defendant, and in the absence of such records, to cooperate in alternative methods for the determination of work for which contributions are due;

(B) Order Defendant Howell General Glazing to pay all contributions due and owing to the Fund upon completion of the audit;

(C) Order Defendant Howell General Glazing to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Howell General Glazing to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(E) Order Defendant Howell General Glazing to specifically perform all obligations to the Fund under the Collective Bargaining Agreement(s);

(F) Order Defendant Howell General Glazing to pay the Fund's reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(G) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_/s/ Mark Poist_
MARK E. POIST, ESQUIRE

Dated: 8/19/14