NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL 711, et al., | : : : : | CIVIL ACTION NO. 14-5174 (MLC) |
| Plaintiffs, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| HOWELL GENERAL GLAZING CONTRACTORS CORPORATION, | : : : | |
| Defendant. | : : | |

**THE PLAINTIFFS** brought this action ("District Court Action") to recover contributions owed to certain employee benefit funds.  (See dkt. entry no. 1, Compl.)  The defendant thereafter petitioned for bankruptcy relief ("Bankruptcy Matter") in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court").  See In re Howell General Glazing Contractors Corp., Bankr. D.N.J. No. 14-30544 ("In re Howell"), dkt. entry no. 1, 10-8-14 Pet.

**THE PLAINTIFF** is listed as a creditor in the Bankruptcy Matter, which is being actively litigated.  See id., 10-8-14 Sched. F - Creditors Holding Unsecured Nonpriority Claims;  id., 10-8-14 Statement of Fin. Affairs.

**THIS COURT** intends to refer all of the claims asserted in the District Court Action to the Bankruptcy Court.  See 28 U.S.C. § 157(a) (stating "district court may

provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").[1]

**THE EXTENT** of the Bankruptcy Court's jurisdiction over the claims depends on whether the District Court Action concerns: (1) a core proceeding; or (2) a non-core proceeding, which is a proceeding that is otherwise related to a case under title 11.  See 28 U.S.C. § 157(b)(2)–(4); see also 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court may only submit proposed findings of fact and conclusions of law to district court in non-core proceeding, and final order or judgment to be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220–21 (3d Cir. 2008) (discussing bankruptcy court's jurisdiction).  The Bankruptcy Court itself will determine the extent of that jurisdiction.  See 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding or related-to proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade

---

[1]  This is also permitted pursuant to the Standing Order of Reference by the United States District Court for the District of New Jersey, dated July 23, 1984.

Partners), No. 06-1812, 2007 WL 1213393, at *3–4 (D.N.J. Apr. 23, 2007) (stating same).

      **THE COURT** will issue an appropriate order.

                                                                 s/ Mary L. Cooper  
                                                            **MARY L. COOPER**  
                                                            United States District Judge

Dated:  December 15, 2014